UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SAID AHMED MOHAMED,

               Petitioner,

v.

KRISTI NOEM et al.,

               Respondents.

_____/

Case No. 1:26-cv-931

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.9–10.) In an order entered on March 26, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 4.) Respondents filed their response on March 31, 2026, (ECF No. 5), and Petitioner filed his reply on April 2, 2026, (ECF No. 6).

## II.    Factual Background

Petitioner is a citizen of Somalia who entered the United States in 2021. (Pet., ECF No. 1, PageID.3.) On October 31, 2025, Petitioner was arrested by ICE agents. (Warrant for Arrest, ECF No. 5-2, PageID.68.)

On November 12, 2025, an immigration judge denied Petitioner's request for a custody redetermination, explaining, "the Court does not have the authority to redetermine bond in this case as [Petitioner's] detention is pursuant to section 235." (Nov. 12, 2025, Immigration Judge Order, ECF No. 5-3, PageID.70.) On December 18, 2025, Petitioner filed a motion for bond and custody redetermination. (Motion for Bond, ECF No. 5-4, PageID.73–84.) A custody redetermination hearing was held in the Detroit Immigration Court on January 2, 2026. (Jan. 2, 2026, Immigration Judge Order, ECF No. 5-6, PageID.87.) At that time, the immigration judge found that it had jurisdiction to consider Petitioner's request but denied Petitioner's request for bond, stating: "Department of Homeland Security has shown by a preponderance of the evidence that the Respondent is a flight risk." (*Id.*) Petitioner's second bond motion and motion for reconsideration were both denied. (Jan. 13, 2026, Immigration Judge Order, ECF No. 1-4, PageID.25–27.)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21,

2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## V.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director, the Acting Director of ICE, and the Secretary for the Department of Homeland Security as Respondents.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the

scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      April 3, 2026                    /s/ Jane M. Beckering
                                             Jane M. Beckering
                                             United States District Judge

4